IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GENERAL SPORTS TURF, LLC,

      Plaintiff,

v.

FIELDTURF INTERNATIONAL, INC., and
FIELDTURF, INC.,

      Defendants.

_____/

Case No. 04-60241
Hon. Marianne O. Battani

## RESPONSE TO ORDER TO SHOW CAUSE

Plaintiff, General Sports Turf, LLC ("GST"), by and through its attorneys Artz & Artz, P.C., hereby responds to the Order to Show Cause entered November 4, 2004. The Order to Show Cause ('Order") required Plaintiff to demonstrate why the present action is appropriately filed in this venue when an identical suit was previously filed by Defendants in the United States District Court for the Northern District of Illinois. The Order also sought an explanation from GST why it initiated this parallel proceeding prior to seeking transfer of venue in the first (Illinois) suit.

As set forth below, GST had good cause for filing the present suit in the Eastern District of Michigan while the Illinois lawsuit was still pending. Initially, the Northern District of Illinois lacks jurisdiction over GST as GST has not committed any allegedly infringing activities in that forum – let alone sold any of the allegedly infringing synthetic fields whatsoever. Accordingly, in response to the Complaint filed against it in the Illinois actions, GST has now filed a Motion to Dismiss or Transfer the Illinois action due to lack of venue or improper venue. Further, GST had good cause for filing the present Complaint prior to filing such Motion to

Dismiss or Transfer to prevent any risk of being subjected to a patent infringement action brought by FieldTurf in an even more inconvenient forum, as is discussed in more detail below.[1]

## I.   INTRODUCTION

Defendants FieldTurf International, Inc. and FieldTurf, Inc. (hereinafter "FieldTurf") are the largest providers of synthetic turf surfaces in the United States and conduct business in most, if not all states. FieldTurf is the owner of many United States Patents directed to features of synthetic fields. It is well known in the industry that part of FieldTurf's business tactics include: (1) utilizing its patents as a club to bully others in the marketplace and prevent them from making sales as well as to protect FieldTurf's market share and (2) disparaging competitors in the marketplace to potential customers. For example, in 2000, a jury found FieldTurf liable for making false statements about Southwest Recreational (the maker of Astroturf) and awarded damages against FieldTurf in excess of one million dollars. The Fifth Circuit Court of Appeals affirmed this decision. While FieldTurf lost in Court, it won in the marketplace as it forced Southwest to expend valuable resources, which ultimately led to its filing of bankruptcy.

FieldTurf has referred to its business policy as "sue and screw." Specifically, when a competitor has achieved a level of success, FieldTurf sues them for patent infringement – regardless of the merits of the case – in an effort to cause these competitors to expend valuable resources defending against these patent infringement claims. The present lawsuit that FieldTurf filed against GST in Illinois is a classic example of FieldTurf employing its policy.

---

[1] This response is timely filed. The Court Order Plaintiff to respond within seven (7) days after receiving the Order. The Order was received on November 5, 2004. Pursuant to Fed. R. Civ. P. 6(a), weekends and holidays are not included in the computation of time, thus Plaintiff's response is due by November 17, 2004.

**II.    THE FIELDTURF ILLINIOS ACTION**

On October 7, 2004, FieldTurf filed a patent infringement action against GST due its manufacture and sale of synthetic fields that FieldTurf contends infringe its U.S. Patent No. 6,338,995 ("the "885 patent"). GST has not yet filed an Answer in that case and on November 15, 2004, filed a Motion to Dismiss For Lack Of Venue Or To Transfer Venue Under 28 U.S.C. § 1406(a). GST's Motion seeks dismissal of that action or its transfer to the United States District Court for Eastern District Michigan for consolidation with the present case. Courtesy copies of the Motion and Brief in Support thereof are being submitted herewith. However, the basis for the Motion is summarized below.

GST has not sold or installed any synthetic fields in Illinois. None of GST's officers, employees, installation facilities, sales people, or corporate records are located in Illinois. All of GST's officers, employees, and corporate records are located in Michigan at its corporate headquarters in Rochester, Michigan. Further, the vast majority of GST's sales and installations have occurred in Michigan (about 63%). Additionally, none of FieldTurf's officers, corporate records, or employees are believed to be in Illinois. However, FieldTurf has sold and installed at least thirteen (13) fields in Michigan, including at the University of Michigan and at Ford Field, the home of the Detroit Lions.

Revealingly, the single claim of the '885 patent that FieldTurf believes is infringed by GST requires an infill of both rubber and sand. FieldTurf believes that GST's proposed fields that may include an infill of rubber and a siliceous sedimentary compound infringe the only asserted claim of the '885 patent. However, GST has not sold or installed any such fields

anywhere in the United States – let alone in Illinois.[2] GST merely offers this as a potential product option on its website. Thus, regardless of where this lawsuit proceeds, FieldTurf has no claim for damages.

Accordingly, GST believes that the Illinois case filed by FieldTurf should be dismissed or transferred to the United States District Court for the Eastern District of Michigan for consolidation with the present case and has asked Judge Manning, by way of Motion filed in the Northern District of Illinois, to grant GST such relief.

### III. TIMING OF THE MICHIGAN ACTION

The Court asked GST to address why the present proceeding was initiated prior to seeking a transfer of venue in the parallel Illinois action. GST states that shortly after the Illinois action was filed, its counsel contacted FieldTurf's counsel to inform them that GST had not sold or installed any of the allegedly infringing fields anywhere in the United States let alone in Illinois. FieldTurf's counsel indicated that they still intended on pursuing the present action. FieldTurf's counsel was also advised or otherwise became aware that GST intended to seek dismissal or transfer of the Illinois action.

Based on FieldTurf's prior history of filing patent infringement actions with the intent of making the litigation as expensive and inconvenient for the defendant as possible, GST was concerned that FieldTurf once it realized that GST had made no sales of the allegedly infringing fields – let alone in Illinois -- would voluntarily dismiss the action in Illinois and file a patent infringement action against GST in another forum where it has installed a field, such as Kansas or Nebraska, to further inconvenience GST. FieldTurf has been making statements in the marketplace for about a year that it would sue GST for infringement. GST has attempted to

---

[2] All of the fields that GST has sold and installed have a different configuration than that alleged to infringe the '885 patent.

avoid such suits, however, now that FieldTurf has field suit in Illinois, GST seeks to have this issue resolved to remove the cloud of uncertainty that currently hovers over its head.

Accordingly, as a case or controversy exists between the parties regarding the alleged infringement and validity of FieldTurf's '885 patent, GST filed the present declaratory judgment action such that it could have its rights adjudicated in a proper forum, i.e. where GST resides, has its corporate offices, maintains its corporate records and does the vast majority of its business.

## IV.   CONCLUSION

For the foregoing reasons, Plaintiff, General Sports Turf, LLC, submits that good cause has been shown why the present lawsuit, which is substantially duplicative of a patent infringement case currently pending between the parties in the Northern District of Illinois, was filed and why it was filed prior to Plaintiff moving to Dismiss or Transfer the Illinois case for lack of venue. Accordingly, Plaintiff submits that the present action was properly filed and asks this Court to maintain this action until the Court in Illinois rules on Plaintiff's Motion to Dismiss or Transfer.

Respectfully Submitted,

**ARTZ & ARTZ PC**

By:   s/John S. Artz
      John A. Artz (P 24679)
      John S. Artz (P 48578)
      Steven W. Hays (P 53786)
      **ARTZ & ARTZ P.C.**
      28333 Telegraph Road, Suite 250
      Southfield, MI  48034
      (248) 223-9500

      *Attorneys for Plaintiff*

Dated: November 15, 2004